UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE JP MORGAN CHASE CASH BALANCE LITIGATION | Via ECF<br><br>Master File No. 06-cv-0732 (DLC)(THK) |
| THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | |
| FRANK BILELLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff;<br><br>v.<br><br>JPMORGAN CHASE RETIREMENT PLAN, JPMORGAN CHASE DIRECTOR OF HUMAN RESOURCES as administrator of the JPMorgan Chase Retirement Plan,<br><br>Defendants. | Via ECF<br><br>Civ. No. 07-CV-7379 (DLC)(THK) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/10

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

The above-captioned actions (the "*Cash Balance Actions*") involve claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to the JPMorgan Chase Retirement Plan and its predecessor plans (collectively, the "*Plan*").

The terms of the *Settlement Agreement* are set out in the Stipulation and Agreement of Settlement fully executed as of January 29, 2010 (the "*Settlement Agreement*"), executed by counsel on behalf of the *Individual Cash Balance Plaintiffs*, Frank Bilello, on his own behalf and on behalf of all similarly situated persons (together with the *Individual Cash Balance Plaintiffs*, the "*Plaintiffs*") and all *Defendants* in the *Cash Balance Actions*.[1]

Pursuant to *Plaintiffs'* request for Preliminary Approval of the *Settlement Agreement*, submitted on January 29, 2010, the *Court* preliminarily considered the *Settlement Agreement* to determine, among other things, whether the *Settlement Agreement* is sufficient to warrant the issuance of notice to members of the proposed *Class*. Upon reviewing the *Settlement Agreement* it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.    **Consolidation of the *Cash Balance Actions*.**

Solely for the purposes of the *Settlement Agreement*, and pursuant to FED. R. CIV. P. 42(a), the *Court* hereby consolidates the *Cash Balance Actions*, *In re JPMorgan Chase Cash Balance Litigation*, Master File No. 06-cv-0732 (DLC), and *Bilello v. JPMorgan Chase Retirement Plan, et al.*, No. 07-cv-7379 (DLC), as the *Court* finds that the two actions involve common questions of law and fact. Further, consolidation of the *Cash Balance Actions* will avoid unnecessary cost and delay and facilitate the administration of the *Settlement Agreement*.

---

[1]    Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement*.

2.    ***Class* Findings.**  Solely for the purposes of the *Settlement Agreement*, the *Court* preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the *Court* and any other applicable law have been met as to the *Class* defined below, in that:

(a)    The *Court* preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(a)(1), the *Class* is ascertainable from records kept with respect to the *Plan* and from other objective criteria, and the members of the *Class* are so numerous that their joinder before the *Court* would be impracticable.

(b)    The *Court* preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of fact and/or law common to the *Class*.

(c)    The *Court* preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(a)(3), the claims of the *Plaintiffs* are typical of the claims of the *Class*.

(d)    The *Court* preliminarily finds, for purposes of settlement only, as required by FED. R. CIV. P. 23(a)(4), that the *Plaintiffs* will fairly and adequately protect the interests of the *Class* in that: (i) the interests of the *Plaintiffs* and the nature of their alleged claims are consistent with those of the members of the *Class*, (ii) there appear to be no conflicts between or among the *Plaintiffs* and the *Class*, and (iii) the *Plaintiffs* and the members of the *Class* are represented by qualified, reputable counsel who are experienced in preparing and prosecuting ERISA class actions.

(e)    The *Court* preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members

of the *Class* would create a risk of: (A) inconsistent or varying adjudications as to individual *Class* members that would establish incompatible standards of conduct for the *Parties* opposing the claims asserted in the *Cash Balance Actions*; or (B) adjudications as to individual *Class* members that, as a practical matter, would be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f)     The *Court* finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(b)(2), Defendants have acted or refused to act on grounds that apply generally to the *Class*, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the *Class* as a whole.

(g)     The *Court* preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(g), *Counsel for Plaintiffs* ("*Class Counsel*") are capable of fairly and adequately representing the interests of the *Class*, in that *Class Counsel* (i) have done appropriate work identifying or investigating potential claims in the action; (ii) are experienced in handling class actions; (iii) are knowledgeable of the applicable law; and (iv) have committed the necessary resources to represent the *Class*.

3.     ***Class* Certification.**  The *Court*, in conducting the settlement approval process required by FED. R. CIV. P. 23, preliminarily certifies solely for purposes of settlement the following non-opt-out class under FED. R. CIV. P. 23(b)(1) and 23(b)(2) (the "*Class*"):

> All individuals who have or at any time had a vested benefit in the JPMorgan Chase Retirement Plan and/or its predecessor plans and, at any time prior to January 1, 2002, were subject to a *Cash Balance Formula* in one or more of the following plans: (1) The Retirement And Family Benefits Plan of The Chase Manhattan Bank, N.A., (2) the Retirement Plan of The Chase Manhattan Bank And Certain Affiliated Companies, (3) the Cash Plan for Retirement of Chemical Bank and Certain Affiliates, and (4) the Retirement Plan of Chemical Bank And Certain Affiliated Companies.

3

The *Court* appoints the *Plaintiffs* as representatives for the *Class* and *Class Counsel* as counsel for the *Class*. Any preliminary certification of a *Class* pursuant to the terms of the *Settlement Agreement* shall not constitute and does not constitute, and, except for the purposes of the *Settlement Agreement*, shall not be construed or used as an admission, concession, or declaration by or against *Defendants* that the *Cash Balance Actions* are appropriate for class treatment under FED. R. CIV. P. 23, or any similar federal or state class action statute or rule.

4.      **Preliminary Findings Regarding the Proposed *Settlement Agreement*.** The *Court* preliminarily finds that (i) the proposed *Settlement Agreement* resulted from extensive arm's-length negotiations, including mediation discussions before U.S. Magistrate Judge Katz, (ii) the *Settlement Agreement* was executed only after *Class Counsel* had conducted appropriate investigation and discovery regarding the strengths and weaknesses of *Plaintiffs'* claims, (iii) Plaintiffs and *Class Counsel* have concluded that the proposed *Settlement Agreement* is fair, reasonable and adequate, and (iv) the proposed *Settlement Agreement* is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed *Settlement Agreement* to the *Class*. Having considered the terms of the *Settlement Agreement* under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the *Court* finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the *Settlement Agreement* should be given notice and an opportunity to be heard regarding final approval of the *Settlement Agreement* and other matters.

5.      ***Fairness Hearing***. A hearing is scheduled for June 25, 2010 at 3:00 p.m. (the "*Fairness Hearing*") to determine, among other things:

- Whether the *Settlement Agreement* merits final approval as fair, reasonable and adequate;

4

- Whether the *Cash Balance Actions* should be dismissed with prejudice pursuant to the terms of the *Settlement Agreement*;

- Whether the notice proposed by the *Parties*: (i) constitutes the best practicable notice, (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the *Class* of the pendency of the litigation, their right to object to the *Settlement Agreement*, and their right to appear at the *Fairness Hearing*, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether *Class Counsel* adequately represented the *Class* for purposes of entering into and implementing the *Settlement Agreement*; and

- Whether any application(s) for attorneys' expenses and case contribution awards to *Plaintiffs* is fair and reasonable and should be approved.

6.    ***Class Notice***.  The *Parties* have presented to the *Court* a proposed form of *Class Notice*, appended hereto as Attachment 1, as well as the envelope in which the *Class Notice* will be mailed pursuant to subsection (i) of this paragraph, appended hereto as Attachment 2.  The *Court* finds that such form fairly and adequately: (a) describes the terms and effect of the *Settlement Agreement*, (b) notifies the *Class* that *Class Counsel* will seek reimbursement of reasonable expenses not to exceed $600,000 to be paid by *Defendants* ("*Counsel for Plaintiffs' Expense Application*"), and for case contribution awards of $7,500 for each of the *Individual Cash Balance Plaintiffs* and $5,000 for Plaintiff Bilello ("*Contribution Awards*") for their time, efforts, and expense in serving as plaintiffs in the *Cash Balance Actions*, (c) gives notice to the *Class* of the time and place of the *Fairness Hearing*, and (d) describes how the recipients of the

*Class Notice* may object to any of the relief requested. The *Parties* have proposed the following manner of communicating the notice to members of the *Class*, and the *Court* finds that such proposed manner is the best notice practicable under the circumstances. Accordingly, the *Court* directs the following:

  (i)  By no later than *April 30*, 2010, *Defendants* shall cause the *Class Notice*, in the form attached as Attachment 1, to be provided by first-class mail, postage prepaid, in an envelope in the form attached as Attachment 2, or by electronic mail, to the last known address of each member of the *Class* who can be identified by reasonable effort.

  (ii)  By no later than *April 30*, 2010, *Defendants* shall cause the *Class Notice* to be published on the internet-based PR Newswire.

  (iii)  In addition, *Class Counsel* shall cause the *Class Notice* to be published on the website identified in the *Class Notice*, dedicated to the *Settlement*, www.JPMCCashBalanceLitigation.com, which will also host and make available copies of all *Settlement*-related documents, including the *Settlement Agreement*.

  7.  **Objections to *Settlement*.** Any member of the *Class* who wishes to object to the fairness, reasonableness or adequacy of the *Settlement Agreement*, to any term of the *Settlement Agreement*, to the *Counsel for Plaintiffs' Expense Application*, or to the *Contribution Awards* may file an objection. An objector must file with the *Court* Clerk a statement of his, her, or its objection(s) no later than 30 days before the scheduled date of the *Fairness Hearing* (the "*filing deadline*"), specifying the following:

   • The objector's full name and address and the approximate dates during which the objector participated in the JPMorgan Chase Retirement Plan or its predecessor(s)

and the plan involved and (although there is no requirement to retain counsel) an appearance on behalf of any counsel representing the objector;

- A written statement of all grounds for the objection including any evidence supporting the objection;

- Any supporting memorandum or brief;

- A list of any persons who will be called to testify in support of the objection; and

- A statement whether the objector intends to appear at the *Fairness Hearing*, and, if such appearance will be through counsel, the identity of such counsel.

The objection should be mailed or hand-delivered to the Court so that it is filed with the *Court* by the *filing deadline*, at the following address:

> Daniel Patrick Moynihan
> United States District Courthouse
> Southern District of New York
> 500 Pearl Street, Room 1040
> New York, New York 10007

Additionally, the objection must be served upon the following counsel of record by U.S. Mail, postage prepaid and postmarked by the *filing deadline*:

> *To Class Counsel:*

> KELLER ROHRBACK L.L.P.
> Amy Williams-Derry, Esq.
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101
> Tel: (206) 428-0582
> Fax: (206) 623-3384

The objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the *Court* by no later than the *filing deadline*. If an objector hires an attorney to represent him, her, or it for the purposes of making such

objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the *Court* by no later than the *filing deadline*. Any member of the *Class* or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the *Settlement Agreement*, to *Counsel for Plaintiffs' Expense Application*, or to any *Contribution Award*, either before the *Court* or on appeal, and any untimely objection shall be barred absent an Order from the Court. Any member of the *Class* who does not timely file and serve a written objection complying with the terms of this paragraph shall also waive his or her right to appear and be heard at the *Fairness Hearing*.

8. ***Notice* Expenses**. The expenses of printing and mailing and publishing all notices required by subsections (i) and (ii) of paragraph 6 herein shall be paid by *Defendants*. The expenses of publishing on the website identified in the *Class Notice* required by subsections (iii) of paragraph 6 herein shall be paid by *Class Counsel*.

9. **Service of Papers**. After the objection *filing deadline*, *Defendants'* counsel and *Class Counsel* shall promptly furnish each other with copies of any and all objections that come into their possession.

10. **Termination of *Settlement***. This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the *Parties*, all of whom shall be restored to their respective positions as of October 27, 2009, if the *Settlement Agreement* is terminated in accordance with the terms therein.

11. **Use of Order**. This Order is not admissible as evidence for any purpose against *Defendants* in any pending or future litigation involving any of the *Parties*. This Order shall not be construed or used as an admission, concession, or declaration by or against *Defendants* of any

8

fault, wrongdoing, breach, or liability and *Defendants* specifically deny any such fault, breach, liability or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against *Plaintiffs* or the *Class* that their claims lack merit or that the relief requested in the *Cash Balance Actions* is inappropriate, improper or unavailable. This Order shall not be construed or used as an admission, concession, declaration or waiver by any *Party* of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by *Defendants* to class certification, in the event that the *Settlement Agreement* is terminated. Moreover, the *Settlement Agreement* and any proceedings taken pursuant to the *Settlement Agreement* are for settlement purposes only. Neither the fact of, nor any provision contained in the *Settlement Agreement* or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

12.   **Jurisdiction**.  The *Court* hereby retains jurisdiction for purposes of implementing the *Settlement Agreement*, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the *Settlement Agreement* as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

13.   **Continuance of Hearing**.  The *Court* reserves the right to continue the *Fairness Hearing* without further written notice.

SO ORDERED this ___3*d*___ day of _____*March*_____, 2010.

_____
HON. DENISE COTE
UNITED STATES DISTRICT JUDGE

9

Exhibit A-1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE JP MORGAN CHASE CASH BALANCE LITIGATION | ) ) ) ) ) ) | Via ECF<br><br>Master File No. 06-cv-0732 (DLC)(THK) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) | |

| | | |
|---|---|---|
| FRANK BILELLO, individually and on behalf of all others similarly situated, | ) ) ) | Via ECF<br><br>Civ. No. 07-CV-7379 (DLC)(THK) |
| Plaintiff; | ) ) ) | |
| v. | ) ) | |
| JPMORGAN CHASE RETIREMENT PLAN, JPMORGAN CHASE DIRECTOR OF HUMAN RESOURCES as administrator of the JPMorgan Chase Retirement Plan, | ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

**TO: ALL PERSONS WHO HAVE OR AT ANY TIME HAD A VESTED BENEFIT IN THE JPMORGAN CHASE RETIREMENT PLAN AND/OR ITS PREDECESSOR RETIREMENT PLANS AND, AT ANY TIME PRIOR TO JANUARY 1, 2002, WERE SUBJECT TO A CASH BALANCE FORMULA IN ONE OR MORE OF THE FOLLOWING RETIREMENT PLANS: (1) THE RETIREMENT AND FAMILY BENEFITS PLAN OF THE CHASE MANHATTAN BANK, N.A., (2) THE RETIREMENT PLAN OF THE CHASE MANHATTAN BANK AND CERTAIN AFFILIATED COMPANIES, (3) THE CASH PLAN FOR RETIREMENT OF CHEMICAL BANK AND CERTAIN AFFILIATES, AND (4) THE RETIREMENT PLAN OF CHEMICAL BANK AND CERTAIN AFFILIATED COMPANIES**

Please be advised that your legal rights may be affected by a proposed settlement (the "Settlement") of two actions (the "Actions") against the JPMorgan Chase Retirement Plan and JPMorgan Chase & Co.'s Director Of Human Resources (together, "Defendants") pending in the United States District Court for the Southern District of New York before the Honorable Denise

1

Cote, captioned *In re JPMorgan Chase Cash Balance Litigation* (the "Cash Balance Action") and *Bilello v. JPMorgan Chase Retirement Plan* (the "Bilello Action"). **This Notice explains important rights and a deadline for you to act to protect those legal rights. The deadline is described below in paragraph 9. Your legal rights will be affected whether or not you act. Please read this Notice carefully!**

**This Notice will not affect any vested accrued benefit in the JPMorgan Chase Retirement Plan or its predecessor retirement plans identified in this Notice.**

The proposed Settlement was entered into by plaintiffs Neil Aldoroty, John J. Berotti, Annette Marie Falchetti, Terri Melli, Norman Schomaker, and Perry Shapiro (the "Cash Balance Plaintiffs") on their own behalf and on behalf of all similarly situated persons in the Cash Balance Action, plaintiff Frank J. Bilello (with the Cash Balance Plaintiffs, "Plaintiffs") on his own behalf and on behalf of all similarly situated persons in the Bilello Action, and by Defendants in the Actions. Plaintiffs have determined that the proposed Settlement serves the interests of justice and is fair, reasonable and adequate to members of the Class (as defined in paragraph 5 below). The proposed Settlement will result in a dismissal of the Actions *with prejudice*; which means that the claims in the Actions cannot later be asserted by you or any other member of the Class against Defendants.

**1. DESCRIPTION OF THE ACTIONS:** The Actions challenge the JPMorgan Chase Retirement Plan and its predecessor plans (collectively, the "Plan"), including The Retirement And Family Benefits Plan Of The Chase Manhattan Bank, N.A. (the "1989 Chase Plan"), (2) The Retirement Plan Of The Chase Manhattan Bank And Certain Affiliated Companies (the "1997 Chase Plan"), (3) The Cash Plan For Retirement Of Chemical Bank And Certain Affiliates (the "1989 Chemical Plan"), and (4) The Retirement Plan Of Chemical Bank And Certain Affiliated Companies (the "1993 Chemical Plan"). On October 27, 2009, the Court stayed the Actions after the parties reached an agreement in principle to settle the Actions. The Actions are further described below.

**2. THE CASH BALANCE ACTION:** The complaint in the Cash Balance Action, filed on June 23, 2006, asserts that the Plan discriminates on the basis of age in violation of ERISA (the "Age Claim") and that Defendants' notices, summary plan descriptions ("SPDs") and/or summaries of material modification failed to disclose that the 1989 Chase Plan and subsequent Plan amendments caused a significant reduction in participants' rate of future benefit accrual (the "Notice Claims"). In May 2007, the Court certified the Age Claim for class treatment with respect to the Plan in effect between January 1, 1989 and January 31, 2006 and the Notice Claims for class treatment with respect to Plan amendments effective on or after January 1, 2002 (the "Certified Notice Claims"). On December 4, 2008, the Court dismissed the Age Claim with prejudice.

In January 2009, following the completion of fact and expert discovery, the Cash Balance Plaintiffs decided to voluntarily dismiss the Certified Notice Claims with prejudice, after concluding that even if they succeeded at trial on the Certified Notice Claims there would be no meaningful remedy to class members. Notice of the voluntary dismissal was provided to class members, and the Court held a hearing in July 2009 to consider class members' objections. On October 19, 2009, the Court dismissed the Certified Notice Claims with prejudice.

In July 2009, the Cash Balance Plaintiffs filed a motion for leave to file a proposed amended class action complaint (the "Proposed Complaint"). The Proposed Complaint asserts notice and fiduciary breach claims relating to (1) the 1989 Chase Plan and (2) the 1997 Chase Plan, to the extent it affected former employees of Manufacturers Hanover Trust Company. In the motion, the Cash Balance Plaintiffs reserved the right to seek class certification and/or Plan-wide relief with respect to the claims asserted in the Proposed Complaint. The motion was fully submitted to the Court on September 25, 2009. On October 26, 2009, the parties informed the Court that they had reached an agreement in principle to settle the Actions and requested a stay of the Actions. On October 27, 2009, the Court stayed the Actions. As a result of the stay, the Court has not issued a decision with respect to the motion. The remaining claims in the Cash Balance Action are the Notice Claims to the extent they relate to Plan amendments effective between January 1, 1989 and December 31, 2001, together with the claims asserted in the Proposed Complaint (the "Remaining Cash Balance Claims").

**3. THE BILELLO ACTION.** The current (Second Amended) complaint in the Bilello Action, filed on August 19, 2009, alleges that the Plan violated ERISA in that (1) the Plan is "backloaded" because it does not provide for a minimum interest credit rate (the "Minimum Interest Rate Claim"), (2) the Plan is "backloaded" as a result of an alleged period of "wearaway" resulting from the implementation of the 1989 Chemical Plan (the "Wearaway Claim"), (3) Defendants did not provide sufficient notice that the 1989 Chemical Plan and subsequent Plan amendments caused a significant reduction in participants' rate of future benefit accrual (the "*Bilello* Notice Claim"), (4) Defendants did not provide adequate summary plan descriptions ("SPDs") and/or summaries of material modification relating to the 1989 Chemical Plan and subsequent Plan amendments (the "SPD Claim"), and (5) Defendants breached their fiduciary duties in connection with the conduct at issue in the *Bilello* Notice Claim and the SPD claim (the "Fiduciary Breach Claim"). The complaint also asserts two individual claims based on the Plan's alleged failure to provide requested Plan documents (the "Individual Claims").

The Court has dismissed the Wearaway Claim and the *Bilello* Notice Claim in their entirety and the other claims in part. The remaining class claims in the Bilello Action (the "Remaining Bilello Claims") are (1) the Minimum Interest Rate Claim to the extent it concerns Plan participants who were grandfathered under the 1997 Chase Plan's cash balance formula after December 31, 2001, (2) the SPD Claim to the extent it alleges that SPDs relating to the 1989 Chemical Plan and the 1993 Chemical Plan failed to disclose reductions in rates of future benefit accrual and/or an alleged period of wearaway, (3) the Fiduciary Breach Claim to the extent it alleges that Defendants misrepresented and/or failed to disclose that the 1989 Chemical Plan caused a significant reduction in participants' rate of future benefit accrual and a period of alleged wearaway. The Court dismissed the Individual Claims except to the extent they allege that Defendants failed to provide formal Plan documents from the period before 2002 that were used to operate the Plan in 2007.

**4. CONSOLIDATION OF THE ACTIONS.** Plaintiffs and Defendants have agreed that the Actions should be consolidated solely for purposes of the Settlement.

**5. THE CLASS.** Plaintiffs and Defendants have agreed to stipulate to class certification in the Actions solely for the purpose of the Settlement. The Class consists of individuals who have or at any time had a vested benefit in the JPMorgan Chase Retirement Plan and/or its predecessor plans

and, prior to January 1, 2002, were subject to a cash balance formula in one or more of the following plans: the 1989 Chase Plan, 1997 Chase Plan, 1989 Chemical Plan, and the 1993 Chemical Plan. Plaintiffs and Defendants further agree that solely for purposes of this settlement Plaintiffs should be named as Class Representatives for the Class and that Counsel for Plaintiffs should be named as counsel for the Class.

**6. THE SETTLEMENT.** The terms of the proposed Settlement are set forth in the Stipulation and Agreement of Settlement (the "Stipulation") that is on file with the Court, and are summarized below.

***Benefits To The Class.*** Under the Settlement, Defendants will make available to the Class a financial planning assistance program (the "Program") for a period of twelve months, beginning within 12 weeks after the effective date of the Settlement. Class members will have access to the Program via telephone, and will be allowed a maximum of four consultations per person. Each consultation will be with a trained financial counselor at a vendor selected by Defendants to manage the Program. Topics that may be discussed include a variety of financial, investment, and budgeting topics, and class members can discuss any of those topics with a counselor. Samples of available topics include retirement and/or investment planning, cash flow/budgeting analysis, debt management, insurance needs, education funding, tax and estate planning, and understanding Medicare and Social Security. Written materials will be available via a website on many of these topics, and personalized reports/action plans will be available for applicable topics following a counseling session (such as retirement gap analysis, cash flow/debt analysis, or insurance needs).

***Attorneys' Expenses.*** Lead Plaintiffs' Counsel will not seek attorneys' fees for legal services rendered in the Actions. However, Lead Plaintiffs' Counsel will make an application to the Court on behalf of all Plaintiffs' Counsel for a reasonable award of expenses in connection with the Actions in an amount not to exceed $600,000 (the "Expense Application"). Defendants have agreed not to oppose Plaintiffs' Expense Application request.

***Contribution Awards.*** Concurrent with their Expense Application, Counsel for Plaintiffs intends to petition the Court for reasonable contribution awards ("Contribution Awards") for (1) each of the Cash Balance Plaintiffs in an amount not to exceed $7,500, to compensate them for their time, efforts, and expense in serving as a Plaintiff in the Cash Balance Actions, and (2) Plaintiff Bilello in an amount not to exceed $5,000 to compensate him for his time, efforts, and expense in serving as a Plaintiff in the Bilello Action. Defendants will not oppose and have agreed to pay these Contribution Awards, provided that they are approved by the Court. Such Contribution Awards shall be paid separately and in addition to the amount sought pursuant to the Expense Application. Separately, Defendants have agreed to pay Mr. Bilello $10,000 in complete settlement of the Individual Claims, which were only asserted on behalf of Plaintiff Bilello.

**7. REASONS FOR THE SETTLEMENT:** Plaintiffs, by their counsel, have conducted investigations relating to the claims and the underlying events and transactions alleged in the Actions. Plaintiffs and their counsel have analyzed evidence adduced in connection with the Actions, including during discovery, and have researched the applicable law with respect to the claims of the Plaintiffs and the Class against the Defendants and the potential defenses thereto.

4

Based on the Court's rulings and developments in the case law, the remaining claims in the Cash Balance Action and the remaining class claims in the Bilello Action faced significant risk both on the merits and procedurally. As a result, there was significant risk whether, if litigation continued, there would be any substantive remedy available to Plaintiffs. For example, the remedy for a procedural violation, such as failing to provide an SPD that complied with ERISA, was likely to have been procedural in nature, requiring the provision of a compliant SPD. Such a remedy would not have provided additional benefits to Plaintiffs. Similarly, the extent of any remedy available to Plaintiffs based on the alleged breach of fiduciary duty claims, even if successful, was uncertain under the developing case law.

In light of the Court's rulings on class certification, there was also a significant risk whether, if litigation continued, there would be any substantive remedy available to other, similarly-situated Plan participants in the Cash Balance Action, or whether the Court would certify a class in the Bilello Action.

As part of this evaluation, Plaintiffs and their counsel considered (a) the benefits that the members of the Class will receive from settlement of the Actions, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement Agreement to be consummated as provided by the terms of this Stipulation. Plaintiffs and Counsel for Plaintiffs believe the Settlement provides certainty of prompt benefits to the Class, while continued litigation encompasses several potential negative factors, such as: (a) significant risk of the Actions being dismissed in whole or in part, (b) delayed benefits, if any, for pensioners, (c) an award of relief that might only be procedural in nature, but which might not increase benefits, (d) the uncertainty of being able to secure relief for anyone other than the Named Plaintiffs, and (e) the uncertainty of the remedy for Plaintiffs' breach of fiduciary duty allegations based on the alleged failure to disclose full and accurate Plan information.

Accordingly, based on the availability of a settlement that offers substantial value to Plaintiffs and the Class by providing concrete financial planning services, information, and resources, Plaintiffs and their counsel believe that the Settlement is fair, reasonable and adequate to Plaintiffs and the Class, and in their best interests.

Defendants deny any wrongdoing whatsoever. Defendants' agreement to the Settlement shall in no event be construed or deemed to be evidence of or an admission or concession, on the part of any Defendant with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have asserted or would assert. Defendants each deny that they have committed or aided and abetted in the commission of any violation of law or engaged in any of the wrongful acts alleged in the Actions. Defendants expressly maintain that they diligently and scrupulously complied with their fiduciary and legal duties; and that Defendants are entering into the Settlement solely to avoid the risk of and minimize the expense of further litigation.

**8. EFFECT OF THE SETTLEMENT.** As a result of the Settlement, the Plaintiffs, on behalf of themselves and the Class, will release all Released Claims against the Released Parties (as defined below).

*"Released Claims"* means any and all claims, debts, demands, rights or causes of action, suits, matters, and issues or liabilities whatsoever (including, but not limited to, any claims for benefits, damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on ERISA, federal, state, local, statutory or common law or any other law, rule or regulation, whether based on the Plan or the Plan as sought to be reformed to cure any alleged violation of law (including claims for benefits under the Plan as sought to be reformed to cure any alleged violation of law, or claims for benefits under the Plan alleged to be in effect as a result of any alleged violation of law), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether asserted by a Class member that has not received a benefit from the Plan or by a Class member that has received a benefit from the Plan and seeks additional benefits, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), against any of the Released Parties (as defined below) (i) that have been asserted or were attempted to be asserted on a class-wide basis in the Actions, including the Remaining Cash Balance Claims and the Remaining Bilello Claims, or (ii) that could have been asserted in any forum by any Class member or their successors and assigns which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions out of which the claims asserted in the Actions arise.   Notwithstanding the foregoing, "Released Claims" do not include any claims, rights or causes of action or liabilities whatsoever related to the enforcement of the Settlement, including, without limitation, any of the terms of the Stipulation or orders or judgments issued by the courts in connection with the Settlement or confidentiality obligations.  In addition, "Released Claims" do not include any claims that are not described above as being within the scope of the "Released Claims," such as claims for benefits or miscalculation claims that are not based upon the claims asserted in the Actions.

*"Unknown Claims"* means any and all Released Claims which any of the Plaintiffs or Class members does not know or suspect to exist in his, her or its favor as of the effective date of the Settlement (as defined in paragraph 8.1 of the Stipulation).  Unknown Claims include any rights pursuant to Section 1542 of the California Civil Code or any similar law or legal principle.  Section 1542 of the California Civil Code provides that: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

*"Released Parties"* means any and all of the Defendants, every person who, at any time between January 1, 1989 and January 29, 2010, was a director, officer, employee, agent, attorney, advisor, general partner, limited partner, administrator, fiduciary, successor or assign, whether under state or federal law, and whether directly derivatively, representatively or arising in any other capacity, of Defendants or of JPMorgan Chase & Co. or a fiduciary of the Plan, together with, for each of the foregoing, any predecessors, successors-in-interest, present and former representatives, direct or indirect parents and subsidiaries, affiliates (including any director or officer of such affiliate, parent, or subsidiary), insurers, co-insurers, re-insurers, consultants, employee benefit plans, investment advisors, investment bankers, underwriters, and any person that controls, is controlled by, or is under common control with any of the foregoing.

6

**9. OBJECTING TO THE SETTLEMENT:** If you desire, you can tell the Court that you do not agree with the Class Representatives' decision to agree to the Settlement (including any aspect of the Settlement described in paragraph 6 above).

A hearing (the "Fairness Hearing") will be held on ____ [*30 days from deadline for objecting*], 2010, at __, before the Honorable Denise Cote at the United States Courthouse, in Courtroom 11B at 500 Pearl Street, New York, NY 10007-1312, to determine whether the Settlement should be approved.

You may object to the Settlement by mailing or hand delivering a statement referencing the case names and docket numbers of the Actions (*In re J.P. Morgan Chase Cash Balance Litigation*; Master File No. 06-cv-0732; *Bilello v. JPMorgan Chase Retirement Plan*, No. 07-cv-7379), explaining the basis for your objection, and stating whether you intend to appear at the Fairness Hearing, set for _____, 2010. Your objection must be filed with the District Court at the following address:

> Daniel Patrick Moynihan
> United States District Courthouse
> Southern District of New York
> 500 Pearl Street, Room 1040
> New York, New York 10007

*In addition*, you must send a copy of your objection to the counsel listed below, who will distribute a copy of your objection to all counsel appearing in the Actions.

> KELLER ROHRBACK, L.L.P.
> Amy Williams-Derry, Esq.
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101
> Telephone: (206) 428-0582
> Facsimile: (206) 623-3384

**Your objection must be filed with the Court and postmarked or faxed to the counsel listed above no later than** _____ [*30 days from deadline set for distributing notice*]**, 2010**.

Your objection must include (1) the objector's full name, address and the approximate dates during which the objector participated in the JPMorgan Chase Retirement Plan or its predecessor(s) and the plan involved and (although you are not required to retain counsel) an appearance on behalf of any counsel that is representing you in connection with your objection, (2) a detailed statement of your specific objection(s), the grounds for the objection(s) or the reasons why you wish to be heard at the hearing, and all documents that you wish the Court to consider, (3) any supporting memorandum or brief, (4) a list of any persons who will be called to testify in support of your objection, and (5) a statement indicating whether you intend to appear at the Fairness Hearing and, if such appearance will be through counsel, the identity of such counsel.

*If you fail to object to the Settlement* in the time and manner specified, you will not be heard at the

7

Fairness Hearing, and you will not thereafter be able to contest the Settlement, or appeal a judgment entered by the Court with respect to the Settlement. If you do not object to the Settlement, or if your objection(s) are overruled by the Court, you will be bound by the Settlement. If you do not object, you will be deemed to have waived any right to appeal the Court's decision regarding the Settlement.

*If the Court approves the Settlement*, you will be bound by it whether you have objected or not. Thus, even if you do object to the dismissal of the Settlement, you will still be bound by the Settlement if the Court overrules your objection(s) or otherwise approves the Settlement. You will not be able to assert the Released Claims, including the Remaining Cash Balance Claims or the Remaining Bilello Claims if the Court approves the Settlement.

**10. FOR MORE INFORMATION:** Further information about the Actions can be found at www.JPMCCashBalanceLitigation.com. Among other resources and information, this website includes: a copy of this Notice; links to the parties' filings related to the Settlement, all pleadings and substantive orders in the Actions.

If you have questions about this notice, you may also contact counsel for Plaintiffs:

> KELLER ROHRBACK, L.L.P.
> Amy Williams-Derry, Esq.
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101
> Telephone: (206) 428-0582
> Facsimile: (206) 623-3384
> awilliams-derry@kellerrohrback.com
> www.JPMCCashBalanceLitigation.com

Please do not telephone or write to the Court (other than to file any objection).

8

# Exhibit A-2

Presorted
First Class Mail
US Postage
**PAID**
Columbus OH
Permit # 2443

1/28/10  4:59:11 PM

3950 Business Park Dr
Columbus, OH 43204

LEGAL NOTICE FOR PARTICIPANTS
IN THE JPMORGAN CHASE RETIREMENT PLAN AND ITS PREDECESSOR PLANS

113950_P1  1